HARRIS B. TABACK, ESQ., SBN 111017
LAW OFFICES OF HARRIS B. TABACK
345 Franklin Street, Ste. 102
San Francisco, CA 94102
Telephone: (415) 241-1400
Facsimile: (415) 565-0110

Attorney for Defendant
GETHSEMANE PITA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO VENUE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.  CR- 16-00471 - SI |
| Plaintiff, ) | DEFENDANT GETHSEMANE PITA'S SENTENCING MEMORANDUM |
| v. ) | |
| GETHSEMANE PITA, ) | Date: August 18, 2017 |
| Defendants. ) | Time: 11:00 a.m. |
| ) | Courtroom: The Honorable SUSAN ILLSTON, Senior United States District Judge |

Comes now defendant GETHSEMANE PITA, by and through undersigned Counsel, who respectfully submits this Sentencing Memorandum.

Counsel has reviewed the thorough and excellent PSR with PITA and there are no objections to the guideline calculations, the criminal history, the facts of the instant offense or the background information. There is an objection to the recommended 37 months sentence which is the high end of the guideline calculation.

Counsel respectfully submits that there are several 3553(a) factors that warrant a below guideline variance. Moreover, Counsel is fully aware that this is the second time PITA has been before a court in this district on a felon in possession of a gun charge (the first also included a count of possession to distribute a controlled substance) and was sentenced to 33 months by the Honorable Judge Edward M. Chen. Further, we must recognize that while on Pre Trial release in the instant

case PITA was arrested in an alleged shooting incident that took place approximately 3 months after his possession of a rented firearm at a shooting range that is the sole basis of the charged crime here. Nonetheless, the below 3553(a) factors support a reasoned below guideline sentence that must include prison time.

## A. INTRODUCTION

In determining an appropriate sentence, the District Court must consider both the advisory guideline range and the statutory factors set forth in 18 U.S.C. 3553(a). The Sentencing Guidelines are just one of a number of sentencing factors. United States V. Booker, 543 U.S. 220 (2005). The overarching goal of 18 U.S.C. 3553 is that the Court impose a sentence "sufficient but not greater than necessary" to meet the goals of sentencing established by Congress. Kimbrough V. United States, 552 U.S. 85, 101 (2007). The Ninth Circuit has repeatedly acknowledged that "extraordinary circumstances are not needed to justify a sentence outside the guidelines range and [the court of appeal] must give due deference to the District Court's decision that the sentencing factors warrant a particular variance." United States V. Ruff, 535 F.3d 999, 102 (9th Cir. 2008).

## B. 3553(a) FACTORS

The PSR documents a difficult childhood that clearly is a 3553(a) factor to consider (Judge Chen's sentence was consistent with the parties Plea Agreement which did not include a variance request). PITA's upbringing may call for some sympathy but it is likely past the point of supporting a variance. Other factors, however, do.

1. Since his release from custody on the previous 33 month sentence, PITA has been employed for approximately two and one half years with the City of San Francisco. He participated in the apprenticeship program, starting at $16.00 per hour and his wage was raised to $24.00 per hour when he finished the program.

> "Mr. Pita worked for me as an Apprentice General Labor. Mr. Pita was a hard worker who took directions well. He worked in my shop for over a year, he came to work on time with an eager to learn attitude. His duties were to use pneumatic

tools to remove concrete, dig trenches and assist with pouring concrete.  When Mr. Pita worked he gave 110%."

Mrs. Di Jaida Durden, Cement Mason Supervisor II, San Francisco Public Works (letter provided to the court).

This ability to show up on time and perform an honest days work  for an honest wage speaks volumes toward the better angels of PITA's nature (see also the support letter from Alice Caruthers, Executive Director of Alemany Resident Management Corp. - ".....he has served as a mentor to community youth helping them to complete homework assignments and advocating for them in the school system to assure that they are meeting their academic goals").

Mrs. Durden has informed this Honorable Court that PITA's job as an apprentice General Labor will be there for him when released from prison.  This employment history and continued opportunity was not a sentencing factor when Judge Chen imposed a  33 month sentence as he had no work history at the time.

2. PITA now has a relationship with Ms. Hammond whom he met through his employment with the City of San Francisco.  Together, they are caring for his two younger brothers.  They plan on living together upon his release.  He also continues to enjoy family ties and responsibilities as documented in the PSR.

The above referenced post offense rehabilitation may in appropriate cases support a downward variance.  Pepper V. United States, 131 S.Ct. 1229, 1236(2011).

3. PITA's past performance on Supervised Release was very positive with the exception of one violation for associating with a gang member in 2015.  His release conditions were modified to include a stay away order from the Bayview-Hunters Point area which he followed.

The PSR notes that "despite these violations, the defendant appeared to do well on Supervised Release.  He participates in substance abuse treatment and refrained from the use of controlled substances.......he was terminated early from supervision in June of 2016."

PITA demonstrated an amenability to supervision and respected the authority of both the

1  court and the Probation Department.

## C. UNCHARGED AND DISMISSED CRIMINAL CONDUCT SHOULD NOT BE CONSIDERED

The arrests that did not lead to convictions or that were dismissed referenced in the PSR are clearly troubling, however, they should not be considered by this Honorable Court for sentencing. United States V. Thomas, 361 F.3d 653 (D.C. Cir. 2004) (because arrests prove nothing, court erred in considering long arrest record to justify denial of downward departure for over-represented criminal history). Such arrests do not have sufficient indicia of reliability to be considered at sentencing. The court may consider only information that has sufficient indicia of reliability to support its probable accuracy. USSG 6A1.3(a).

The Ninth Circuit has held that a court may not consider a prior arrest record itself in sentencing outside the applicable guideline range because it does not constitute reliable information under USSG 4A1.3. United States V. Durham, 995 F.2d 936,938 (9th Circ. 1993). In that case, the court concluded that the sentencing judge properly relied on police records that covered "all aspects of a prosecuted offense" and "detailed [defendant's] underlying conduct during each offense," in contrast to an arrest record which "simply records an arrest." Id. at 928. See also United States V. Cota-Guerrero, 907 F.2d 87,90 (9th Cir. 1990) (held that prior arrests should not have been considered where information relating to the incidents in the Pre-Sentence Report was based entirely on police records of an arrest).

It's hard to ignore an elephant in a room unless it's not really there. The December 2016 arrest that led to no filed charges and the July 2011 indictment for an accessory and gang activity that were dismissed should not be considered when determining a reasonable sentence.

That is a lot to ask of this Honorable Court as it rubs against a highly developed intuition. Sentencing is a very hard job.

## D. CONCLUSION

PITA was born into mean streets that were pounded with a beat of social despair. We

1  offer no excuses for his conduct in this case.  PITA is both remorseful and takes full responsibility
2  for his criminal activity at the shooting range.
3        The crime did not involve carrying a firearm in a public place.  It was rented for target
4  practice at a shooting range.  Unlike his first federal case, there were no drugs involved.  Still,
5  Counsel acknowledges that a prison term is appropriate.
6        PITA has a positive path forward after he is released from custody that includes full time
7  employment with the City of San Francisco and a loving relationship with Ms. Hammond as they
8  care for two of his younger siblings.
9        "In order to determine an appropriate sentence in this case, the Court must weight many
10    factors.  In considering the personal history and characteristics of the defendant, it is noted
11    that the defendant was raised in a high crime neighborhood.  Although he has the support
12    of his grandmother and aunt, he appeared to be highly influenced by other members of the
13    community.  Given these factors it is commendable that the defendant was able to
14    maintain employment and sobriety while he was on Supervised Release."
15 PSR, Sentencing Recommendation, pg. 2.
16       Further, the PSR notes the stable relationship in PITA's life - Ms. Hammond – appears to
17 be a positive influence on him and she has indicated that she plans to remain a source of support
18 for him in the future (PSR, Sentencing Recommendation, pg. 2).
19       The future possibilities for PITA are bright and he knows it.  He also knows that there is a
20 strong need to punish him and monitor him again with a term of Supervised release.  He has
21 demonstrated an ability to comply and nothing less than full compliance is expected and
22 anticipated.
23       The stay away conditions recommended in the PSR combined with his support and
24 employment create a plan to protect the public and the opportunity for PITA to successfully
25 complete SPR.
26       For all of the above reasons, Counsel respectfully suggests that a below guidelines
27 sentence is reasonable.  The appropriate amount of prison time is left to the sound discretion of
28

1  this Honorable Court.

2  Date: August 10, 2017                    Respectfully Submitted,

3                                            LAW OFFICES OF HARRIS B. TABACK

5                                            By:_____ss_____
6                                            HARRIS B. TABACK
                                             Attorney for GETHSEMANE PITA